UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                 **MEMORANDUM AND ORDER**
         -against-                       06-CR-832 (S-2) (DLI)

SAKORA VARONE, *pro se*,

                                Defendant.
-----------------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

On April 16, 2008, pursuant to a plea agreement, defendant Sakora Varone ("Defendant") pled guilty to conspiracy to distribute and possess with intent to distribute at least 50 grams of cocaine base ("crack cocaine") and at least five kilograms or more of cocaine under Count One of the Superseding Indictment (S-2). On February 18, 2009, Defendant was sentenced to 135 months' imprisonment.

On August 13, 2012, Defendant, *pro se*,[1] filed the instant motion requesting a reduction of her sentence in light of 18 U.S.C. § 3582(c)(2) and Amendment 750 to the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). (*See* Def.'s Mot. to Reduce Sentence ("Def.'s Mot."), Dkt. Entry 121.) The government opposes Defendant's motion. (*See* Gov't Opp'n, Dkt. Entry 122.) For the reasons set forth below, the motion is denied.

## BACKGROUND

Defendant's charges arose from her involvement with the drug trafficking operation of her boyfriend, Stean Aulder. (Presentence Investigation Report ("PSR") ¶ 2.) Defendant

---

[1] Because Defendant is a *pro se* litigant, the court, in deciding this motion, has construed Defendant's papers broadly, interpreting them to raise the strongest arguments they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) (per curiam).

permitted Aulder and his associates to "cook" cocaine into crack cocaine, as well as weigh and bag the crack cocaine, in Defendant's apartment where she also lived with her young son. (*Id.* ¶ 4.) Aulder produced approximately 2 kilograms of crack cocaine per week inside the apartment. (*Id.*) Defendant also secured another apartment for Aulder to use for his drug operation by telling the landlord that she was looking for an apartment in which to live with her six-year-old son. (*Id.* ¶ 5.) Defendant paid the rent on the apartment and delivered drugs for Aulder. (*Id.* ¶ 6.) In return, Defendant received cash gifts, including $2,000 per month for clothing. (*Id.* ¶ 10.) On November 8, 2006, as Defendant, Defendant's son and Aulder were leaving the apartment, Aulder was shot and killed. (*Id.* ¶ 3.) The police subsequently searched the apartment and found, *inter alia*, more than two kilograms of cocaine, almost one kilogram of crack cocaine and two loaded firearms. (*Id.* ¶¶ 8-9.)

On April 16, 2008, pursuant to a plea agreement, Defendant pled guilty to conspiracy to distribute and possess with intent to distribute at least 50 grams of crack cocaine and at least five kilograms or more of cocaine under Count One of the Superseding Indictment (S-2) in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(iii) and 841(b)(1)(A)(ii)(II). (*See* Superseding Indictment (S-2), Dkt. Entry 77; Criminal Cause for Guilty Plea, Dkt. Entry 82.) In the plea agreement, Defendant agreed that it was reasonably foreseeable that the conspiracy distributed at least 4.5 kilograms of crack cocaine and five kilograms of cocaine. (Plea Agreement ¶ 2.) The government also estimated in the plea agreement that Defendant's total offense level under the Guidelines was 33, corresponding to a range of 135 to 168 months' imprisonment. (*Id.*)

At Defendant's sentencing hearing held on February 18, 2009, the court determined, and the parties agreed, that Defendant was accountable for distributing at least 44 kilograms of crack cocaine and 2.4 kilograms of cocaine, corresponding to a base offense level of 38, which was

reduced to 34 after taking into account a mitigating role adjustment. (*See* Sentencing Tr. 6-7; PSR ¶¶ 11-12; PSR Addendum ¶ 25.) The court and the parties agreed that the total offense level was 33 after giving Defendant: i) a two-point offense level minor role reduction; ii) a two-point offense level "safety valve" reduction; iii) a two-point offense level enhancement for using a minor in connection with the offense; iv) a two-point offense level enhancement for obstruction of justice; v) a two-point offense level enhancement for possessing a firearm in connection with the offense; and vi) a three-point offense level reduction for timely acceptance of responsibility. (PSR Addendum ¶¶ 24-33; Sentencing Tr. 19-20.) Pursuant to the Guidelines, this corresponded with a sentence range of 135 to 168 months' imprisonment because Defendant had a Criminal History Category of I. (*See* Sentencing Tr. 19.) After oral argument, the court rejected Defendant's request for a non-Guidelines sentence and, after taking into account variance factors pursuant to 18 U.S.C. § 3553(a), imposed a sentence of 135 months' imprisonment, which was at the bottom of the applicable Guidelines range. (*See* Sentencing Tr. 39; Judgment, Dkt. Entry 101.)

Defendant appealed and, on February 8, 2010, the Second Circuit dismissed the appeal because pursuant to her plea agreement Defendant had waived her right to appeal, if the sentence imposed was below 181 months' imprisonment. *See United States v. Varone*, No. 09-cr-912 (2d Cir. Feb. 8, 2010). On December 28, 2009, Defendant, *pro se*, petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, asserting that she was deprived of effective assistance of counsel. *See Varone v. United States*, No. 09-cv-5703 (E.D.N.Y. Dec. 28, 2009). The court denied Defendant's petition in its entirety. *See Varone v. United States*, 2012 WL 252845 (E.D.N.Y. Jan. 26, 2012).

On August 13, 2012, Defendant, *pro se*, filed the instant motion requesting a reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of Amendment 750 to the Guidelines. (*See* Def.'s Mot.)

## LEGAL STANDARD

On August 3, 2010, the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-222, 124 Stat. 2372 (2010), went into effect increasing the amount of crack cocaine required to trigger mandatory minimum sentences and directing the United States Sentencing Commission to implement comparable changes in the Sentencing Guidelines. *See also* U.S.S.G. App. C Amendment 750 (Nov. 1, 2011). The amended crack cocaine guidelines are "covered amendments" under U.S.S.G. § 1B1.10(c) that can be applied retroactively and used to reduce a defendant's sentence. *See* U.S.S.G. § 1B1.10(c) (listing Amendment 750 as a covered amendment).

Pursuant to 18 U.S.C. § 3582(c)(2), a court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Accordingly, "[a] court must first determine that a reduction is consistent with [U.S.S.G.] § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010).

U.S.S.G. § 1B1.10(a)(2) provides, "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if . . . [the amendment] does not have the effect of lowering the defendant's

applicable guideline range." Moreover, except under certain circumstances not present here, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

## DISCUSSION

Defendant is not eligible for a sentence reduction because her crime involved far more crack cocaine than would qualify her for a reduction. According to the PSR, Defendant was accountable for 44 kilograms crack cocaine and 2.4 kilograms of cocaine. (PSR ¶ 11.) At sentencing, the parties did not dispute this amount and it was adopted by the court. (*See* Sentencing Tr. 6-7.) Following Amendment 750, a crime involving 8.4 kilograms or more of crack cocaine correlates with a 38 base offense level, the same level under which Defendant was sentenced. *See* U.S.S.G. § 2D1.1(c)(1). Accordingly, the Guidelines applicable to Defendant have not changed since she was sentenced and it would be inconsistent with U.S.S.G. § 1B1.10 to reduce her sentence.

Defendant asserts that she is entitled to a sentence reduction because her plea agreement stipulated that she was responsible for 4.5 kilograms of crack cocaine, which corresponds to a base offense level of 36 under the amended Guidelines. (*See* Def.'s Mot. 1-2.) However, in the plea agreement, Defendant agreed that she was responsible for "at least" 4.5 kilograms of crack cocaine and, in any event, the agreement explained that the estimate was not binding on the court. (*See* Plea Agreement ¶¶ 2-3.) To the extent that Defendant argues that she was not actually aware that a larger amount of drugs were involved in the conspiracy (*see* Def.'s Reply, Dkt. Entry 123, at 2), it is unavailing. The court reiterates that Defendant did not object at sentencing to the PSR's estimate that she was responsible for 44 kilograms crack cocaine and the

5

court adopted the PSR.  Moreover, even if the court were to countenance Defendant's evolving view of her responsibility, the drug amount adopted at sentencing cannot be revised through a motion pursuant to 18 U.S.C. § 3582(c)(2).  *See Dillon*, 130 S. Ct. at 2690 ("By its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding.").  The statute only allows the court to substitute the amended Guidelines for the Guidelines in effect at sentencing, while leaving everything else unchanged.  *See id*. at 2694 ("The relevant policy statement instructs that a court proceeding under § 3582(c)(2) 'shall substitute' the amended Guidelines range for the initial range 'and shall leave all other guideline application decisions unaffected.'" (quoting U.S.S.G. § 1B1.10(b)(1))).

Defendant appears to argue also that the court held her accountable only for 50 grams of crack cocaine, rather than 44 kilograms of crack cocaine.  (*See* Def.'s Reply 2.)  In support, Defendant directs the court to her plea hearing, where, in pleading guilty, she agreed that it was foreseeable that the drug conspiracy distributed at least 50 grams of crack cocaine, and argues that this amount is the total for which she is responsible.  (*Id*.)  However, the portion of the transcript excerpted by Defendant shows that, while she agreed that she was responsible for at least 50 grams of crack cocaine for purposes of pleading guilty to the charges in the Superseding Indictment (S-2), she never stated, and the court never found, that she was responsible for *only* 50 grams.  (*See* Plea Tr. 28-29.)  As discussed above, she was accountable for far more.

Therefore, Defendant is not eligible for a sentence reduction.

## CONCLUSION

For the reasons set forth above, Defendant's sentence may not be reduced pursuant to Amendment 750.  Accordingly, Defendant's motion is denied in its entirety.  As Defendant has not made a substantial showing of the denial of a constitutional right, a certificate of

appealability shall not issue. *See* 28 U.S.C. § 2253. The court certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this order would not be taken in good faith, and, therefore, *in forma pauperis* is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

DATED: Brooklyn, New York
March 1, 2013

_____/s/_____
DORA L. IRIZARRY
United States District Judge